Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014
Facsimile:(619) 330-1819

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiff
KENNETH HARRISON and the Proposed Class

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HARRISON, an individual on behalf of himself and all others similarly situated, <br><br> Plaintiff <br><br> v. <br><br> GENERAL NUTRITION CENTERS, INC.; GNC HOLDINGS, INC. and DOES 1 through 25, inclusive. <br><br> Defendants. | Case No:  **'16CV3086 AJB  WVG** <br><br> **CLASS ACTION COMPLAINT** <br><br><br> <u>JURY TRIAL DEMANDED</u> |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, KENNETH HARRISON, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, KENNETH HARRISON ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants General Nutrition Centers, Inc. and GNC Holdings, Inc. (collectively referred to herein as "GNC" or "Defendants").

The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1. Plaintiff files this class action lawsuit on behalf of himself and all similarly situated persons who purchased products from GNC's internet website at *www.gnc.com* based on GNC's false, fabricated, arbitrary, inaccurate, deceptive, misleading unlawful advertised price discounts.

2. Plaintiff brings this against GNC for violations of the California Consumer Legal Remedies Act (Cal. *Civil Code* § 1750, *et seq.*), the Unfair Competition Law (Cal. *Bus. and Prof. Code* § 17200, *et seq.*), and the False Advertising Law (Cal. *Bus. and Prof. Code* § 17500, *et seq.*).

3. GNC's website includes written representations regarding price discounts by advertising a regular price for products that was inaccurate, inflated and arbitrary together with a sale price that purports to reflect steep discounts off the falsely advertised regular price, but which were in reality not sales prices or discounts at all.

4. The regular price advertised by GNC is a sham that is intended to mislead and persuade consumers that the sale price reflects a deep discount in order to stimulate

**CLASS ACTION COMPLAINT**

consumer purchases.  In reality, the regular price advertised by GNC did not represent a true market price, and was only provided in order to falsely convince consumers that the sale price reflected a substantial markdown (which it did not).

5.      Advertisements regarding prices and price reductions are material representations in that they are effective in persuading consumers regarding the value of their purchases.  GNC's conduct in advertising inflated regular prices has been undertaken with the intent of using illusory discounts to induce consumers to purchase products from GNC's website, thereby increasing its sales, and falsely promote itself as a discount retailer.

6.      An example of GNC's deceptive internet advertising is set forth below:



7.      The regular price of Nature's Best Isopure Zero Carb Creamy Vanilla 7.5 lbs. as advertised on GNC's website is $189.99, with a "Sale Price" of $139.99.  The purported regular price is not a prevailing price for this product in the marketplace or by any of GNC's competitors, and is either a complete fabrication or reflects the highest price the product has ever been advertised for.

**CLASS ACTION COMPLAINT**

8.      At no time within the past three months has GNC or have any of GNC's competitors advertised or sold Nature's Best Isopure Low Carb Dutch Chocolate 7.5 lbs. for the prices indicated by GNC as the regular price for these products as set forth in the advertisements on GNC's website.  This product represents one of many examples of an ongoing practice of artificial, fabricated, deceptive, misleading and unlawful price reductions by GNC during the class period.

9.      GNC's "sale" prices are higher than prices offered contemporaneously by GNC's competitors.  GNC's "sale" prices therefore reflect no true discount and are often higher than the regular market prices.

10.      GNC fabricates and falsifies the advertised regular prices in a concerted effort to deceive consumers into paying inflated prices under the false impression that they are receiving steep discounts.  In doing so, GNC conceals the truth about its regular prices scheme and intentionally fails to disclose the true regular prices to consumers.

11.      Plaintiff, the Proposed Class, and the general public have relied on the false representations about regular prices set forth on GNC's website.  Plaintiff would not have purchased the products from GNC's website had he known the true regular price and had he known that the sale price did not offer any discount at all and was, in fact, a higher price than that offered by GNC's competitors at the time.

12.      For example, on or about November 26, 2016, Plaintiff made his very last purchase at GNC, of Isopure Low Carb Protein Powder Creamy Vanilla 7.5 lbs. from GNC's website, which is based on the false and misleading advertisements and false fabricated price discounts set forth thereon.  Plaintiff has made similar purchases in the past based on the prices associated through GNC's website and/or through GNC retail stores that honored the GNC "Sale Price" on its website.

**CLASS ACTION COMPLAINT**

13.     Plaintiff believed the facts represented by GNC, i.e. that he was getting a steep discount off the regular price of the products.  In fact, Plaintiff did not receive a discount at all and paid more than he would have paid if he purchased the products on the same day and time from GNC's competitors.  The "Regular Prices" advertised by GNC were purely fictional, and were intended to induce and did induce the Plaintiff into purchasing the products under the false understanding that he was paying substantially less than the prevailing market rate.  In fact, the Plaintiff paid more than the prevailing market rate, and GNC's supposed price reduction was a sham.

## **PARTIES**

14.     Plaintiff, KENNETH HARRISON ("Plaintiff "), is a citizen of California, who resides in the city of San Diego.

15.     Defendants, General Nutrition Centers, Inc. and GNC Holdings, Inc. (hereinafter collectively "GNC") are Delaware corporations with headquarters in Pittsburgh, Pennsylvania.  GNC is, *inter alia*, an online retailer that sells products through its website: *www.gnc.com.*

16.     The true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff as alleged herein.

**CLASS ACTION COMPLAINT**

17. On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendant and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein. On information and belief, Plaintiff allege that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

18. On information and belief, Plaintiff allege that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendant.

20. This Court has personal jurisdiction over Defendants because Defendants conduct business in California and otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by this Court proper.

**CLASS ACTION COMPLAINT**

Defendants have marketed, promoted, distributed, and sold the products in California through their public internet website: www.gnc.com.

21. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts and transactions set forth herein occurred in this District, and because Defendants conduct business in this district by advertising, marketing, distributing and/or retailing its products in this District through their public internet website www.gnc.com.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

22. In addition to asserting class claims, Plaintiff assert claims on behalf of class members pursuant to California Business & Professions Code § 17200, *et seq*. The purpose of such claims is to obtain injunctive orders regarding the unlawful, unfair, deceptive business practices and false advertising alleged herein, to require the disgorgement of all profits and/or restoration of monies wrongfully obtained through GNC's unfair and deceptive business practices, as alleged herein. This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of their businesses.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action and all claims stated within on his own behalf and on behalf of all similarly situated persons pursuant to Federal Rule of Civil Procedure 23.

24. Plaintiff seeks to certify the following class (the "Proposed Class"):

All persons located in California who purchased a product from GNC's website at *www.gnc.com* within the applicable statue of limitations preceding the filing of this action

## CLASS ACTION COMPLAINT

25.     Excluded from the class are Defendants in this action, any entity in which Defendant have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

26.     Plaintiff reserves the right to amend the definition of the Proposed Class as discovery and investigation reveal additional information.

27.     There is a well-defined community of interest in this litigation and the class is easily ascertainable:

A.     <u>Numerosity</u>:  The members of the Proposed Class numerous that joinder of all members is impracticable. While the exact number of Proposed Class members can only be ascertained through discovery, Plaintiff believe that thousands of Californians have purchased and continue to purchase products from GNC's website and that, as a result, on information and belief, there are thousands of aggregate members of the Proposed Class.

B.     <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Proposed Class. Plaintiff and members of the Proposed Class sustained injuries and damages arising out of defendants' common course of conduct in violation of the law as alleged herein. The injuries and damages of each member of the Proposed Class were caused directly by defendants' wrongful conduct as alleged herein and are/were common to all class members.

C.     <u>Adequacy</u>:  Plaintiff does not have a conflict with the Proposed Class and is qualified to and will fairly and adequately protect the interests of each member of the class with whom he has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he have an obligation to the Court to make known any relationship, conflict, or differences vis-à-vis any class member.  Plaintiff's

**CLASS ACTION COMPLAINT**

attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

D.      Superiority:  A class action is superior to other available means for the fair and efficient adjudication of this controversy and will result in a substantial benefit to the Proposed Class, the public and the Court.  The likelihood of individual class members prosecuting separate claims is remote, and individual members of the Proposed Class do not have a significant interest in individually controlling the prosecution of separate actions. Because the damages suffered by individual class members is relatively small, the expenses and burden of individual litigation would make it difficult, if not impossible, for individual members of the Proposed Class to redress the wrongs done to them. The cost to the judicial system of the adjudication of many individualized claims would substantial whereas the litigation of these claims simultaneously as a class action will result in substantial savings of judicial resources. Furthermore, the prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards of conduct for defendants under the law alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Class treatment will enable the Proposed Class to redress the wrongs done to them and to serve the public interest by ensuring that defendants' conduct be punished and enjoined from future repetition.  Class treatment will thus result in the most fair and efficient adjudication of this controversy, as well as conferring substantial benefits on the litigants, the public and the Court.

**CLASS ACTION COMPLAINT**

28.     There are common questions of law and fact as to the class that predominate over questions affecting only individual members, including but not limited to:

A.     Whether GNC has engaged in an unlawful business practice;

B.     Whether GNC engaged in unlawful advertising;

C.     Whether GNC products were advertised on its website with inflated, arbitrary, false regular prices on a class-wide basis;

D.     Whether GNC intentionally misrepresented the regular price of sale-priced items on its website;

E.     Whether GNC advertised prices that accurately reflected the true market prices during the three months preceding the publication of the regular prices for products sold on the GNC website;

F.     Whether GNC knew that it misrepresented the "Regular Price" of products sold on its website;

G.     Whether GNC engaged in an unlawful business practice in connection with the advertising and sale of products on its website;

H.     Whether GNC engaged in a misleading business practice in connection with the advertising and sale of products on its website;

I.     Whether GNC engaged in false advertising in connection with the advertising and sale of products on its website;

J.     Whether GNC concealed and/or failed to disclose material facts about its discount pricing practices;

K.     Whether GNC's practices as alleged herein were knowing, intentional, or undertaken in conscious disregard of foreseeable risk of harm to the Plaintiff and the Proposed Class;

**CLASS ACTION COMPLAINT**

L.      Whether GNC knew its discount pricing scheme was illegal, unfair and/or deceptive and intended to gain an unfair commercial or competitive benefit by doing so;

M.      Whether GNC is likely to continue engaging in false, misleading price comparisons such that injunctive and declaratory relief are necessary and appropriate;

N.      Whether Plaintiff and the Proposed Class are entitled to injunctive relief, restitution or disgorgement of profits and in what amount.

29.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy to this widespread and ongoing harm.

30.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

**FIRST CAUSE OF ACTION**
Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.
By Plaintiff and the Proposed Class against Defendant
(Injunctive Relief Only with Reservation)

31.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

32.     Plaintiff and the Proposed Class are "consumers" as defined by Civil Code § 1761(d) because they purchased products from GNC's website for personal, family or household purposes.

33.     Products purchased by Plaintiff and the Proposed Class during the class period from GNC's website are "goods" as defined by Cal. Civil Code § 1761(a).

34.     Plaintiff and the Proposed Class engaged in "transactions" within the meaning of Cal. Civil Code § 1761(e) by purchasing products from GNC's website.

**CLASS ACTION COMPLAINT**

35.     The Consumers Legal Remedies Act [Civil Code § 1770, *et seq.*] (the "CLRA") at section 1770(a)(5) prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.  GNC violated the CLRA by falsely representing the nature, existence and amount of price discounts by fabricating inflated market or "Regular Prices."

36.     GNC violated the CLRA at § 1770(a)(7) because GNC represented that its products were of a particular standard, quality, or grade when they are of another.  GNC falsely claimed that products for sale on its website were worth a fabricated and inflated "Regular Price" and were therefore more valuable when, in truth, the products are/were not worth the misrepresented "Regular Price" and were therefore never as valuable as advertised by GNC.

37.     GNC violated the CLRA at § 1770(a)(9) because GNC advertised goods with the intent not to sell them as advertised.  GNC always knew that the advertised "Regular Prices" were not accurate representations about the prices for the products, and that the goods were not properly valued at the "Regular Prices" advertised by GNC.

38.     GNC violated the CLRA at § 1770(a)(13) because GNC made false or misleading statements of fact concerning the amount of a price reduction.  The arbitrary, illusory, fabricated, inaccurate "Regular Prices" advertised by GNC on its website were knowingly inflated by GNC, and Plaintiff and the Proposed Class did not receive the discounts they thought they were receiving.

39.     GNC violated the CLRA at § 1770(a)(14) because GNC represented that the transaction confers or involves rights that it does not have or involve.  Despite the claimed "discount" between the advertised "Regular Price" and "Sale Price," because the Regular Prices were substantially inflated, the discount presented to the Plaintiff and the

**CLASS ACTION COMPLAINT**

Proposed Class was false, the right to receive the apparent "discount" offered by GNC was not received, and the illusory "discount" offered and advertised was never delivered.

40.    Plaintiff and the Proposed Class suffered injuries caused by Defendant because they would not have purchased the products from GNC if the true facts were known concerning the falsely represented price discounts.  Plaintiff and the Proposed Class relied on the advertised price discounts by GNC and would not have purchased products from GNC without GNC's unlawful conduct.  Had Plaintiff and the Proposed Class known the true facts of GNC's price discount scheme they would not have purchased products from GNC's website and/or would have paid less for the same or similar products elsewhere.

41.    On December 23, 2016, Plaintiff served written notice and demand on Defendant in compliance with Civil Code § 1782(a) via certified mail, return receipt requested, advising GNC that it is in violation of the CLRA and demanding remedies for Plaintiff and the Proposed Class members.

42.    Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA.

## SECOND CAUSE OF ACTION
Violation of California Business & Professions Code §§17500, *et seq.*
By Plaintiff and the Proposed Class against Defendant

43.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.    This cause of action is brought pursuant to the False Advertising Law at Business & Professions Code § 17500, *et seq.*

**CLASS ACTION COMPLAINT**

45.     Plaintiff brings this cause of action as an individual, in his capacity as a private attorney general pursuant to Business & Professions Code § 17535, and on behalf of the Proposed Class.

46.     Defendant intended to sell goods on its public website to Plaintiff and the Proposed Class.

47.     Defendants disseminated advertising before the public in California that: (a) contained statements that were illegal, untrue or misleading; (b) defendants knew, or in the exercise of reasonable care should have known, was illegal, untrue or misleading; (c) concerned the nature, quantity and characteristics of goods intended for sale to California consumers, including Plaintiff and the Proposed Class; and (d) was likely to mislead or deceive a reasonable consumer.

48.     Cal. Bus. and Prof. Code §17501, states, in pertinent part, as follows:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

49.     During the class period, GNC's scheme regarding illusory price discounts included advertisements that claimed its products were subject to discounts based upon "Regular Prices" that did not reflect the prevailing market price.

50.     During the class period, GNC published advertisements on its website that failed to indicate the date upon which the advertised "Regular Price" was established.

51.     GNC's illusory "Regular Price" advertisements were "advertisements" within the meaning of Business & Professions Code § 17500, *et seq*., and included written inducements that were intended to cause Plaintiff and the Proposed Class to make product purchases from GNC's website.

**CLASS ACTION COMPLAINT**

52.   At all relevant times during the class period, GNC knew or in the exercise of reasonable care should have known that its representations regarding price discounts and its advertisements of "Regular Prices" were false and misleading.

53.   Plaintiff and the Proposed Class reasonably relied on GNC's false and misleading advertisements about price discounts, all of whom were exposed to GNC's false representations and who was the intended target of such false representations.  In fact, Plaintiff relied on the former advertised former price and would not have purchased the item otherwise.

54.   Plaintiff and the Proposed Class have been harmed by GNC's false and misleading advertisements in that they paid more for products purchased from GNC's website than they would have paid if they had known the advertisements were false and misleading, and/or they would have purchased products from some other source, or would have paid less for them.

55.   Plaintiff, on behalf of himself, the Proposed Class, and the general public, seeks an order for injunctive relief and restitution to remedy the ongoing harm caused by GNC's false and misleading price discount scheme.

56.   Plaintiff and the Proposed Class lost money or property as a result of Defendant's false advertising insofar as Plaintiff and the Proposed Class would not have purchased products from GNC if they had reason to know that GNC was and is engaging in unlawful price discount advertising.

## THIRD CAUSE OF ACTION
Violations of California Business & Professions Code § 17200, *et seq.*
By Plaintiff and the Proposed Class against Defendant

57.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

**CLASS ACTION COMPLAINT**

58.     Plaintiff and Defendant are "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

59.     "Unfair competition" is defined by Business & Professions Code § 17200 as encompassing several types of business "wrongs," including, but not limited to: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, and (3) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

60.     By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful and/or unfair business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Business & Professions Code § 17200, *et seq.*

### A.     The "Unlawful" Prong

61.     Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Cal. Bus. & Prof. Code § 17200 by engaging in conduct described hereinabove that violates Cal. Bus. and Prof. Code § 17500, *et seq.* and Cal. Civil Code § 1750, *et seq.*

62.     Additionally, Defendant has violated 16 C.F.R. § 233.1(a), which prohibits the Defendant from advertising false price discounts by representing fictitious, artificial, inflated prices for the purpose of enabling the offer of an illusory price reduction.

**CLASS ACTION COMPLAINT**

**B.** **The "Unfair" Prong**

63.    Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Business & Professions Code § 17200, *et seq*.  Defendant engaged in a pattern of "unfair" business practices that include artificial price discount scheme described hereinabove.

64.    Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by advertising non-existent price discounts to Plaintiff and the Proposed Class.

65.    Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices, including advertising artificial price discounts by falsely representing the "Regular Price" of products on Defendant's website, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

**C.** **The "Unfair, Deceptive, Untrue or Misleading Advertising" Prong**

66.    Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's products are being sold at steep discounts when comparing Defendant's advertised "Regular Prices" to "Sale Prices" when in fact the price discounts are artificial and the price discounts are illusory.

**CLASS ACTION COMPLAINT**

67.   Plaintiff, a reasonable consumer, the Proposed Class, and the public would be likely to be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representations in accord with their ordinary usage, that the "Regular Price" being advertised, and the resulting apparent price discounts, were legitimate and real when, in fact, they were not.

68.   Defendant's unlawful and unfair business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

69.   Defendant engaged in these unlawful and unfair business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

70.   Such acts and omissions by Defendant are unlawful and/or unfair and constitute a violation of Business & Professions Code section 17200 et seq. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

71.   As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors, the Proposed Class, and the public.

72.   As a direct and proximate result of Defendant's unlawful and unfair conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff and the Proposed Class, who unwittingly provided money to Defendant based on Defendant's actual and implied

**CLASS ACTION COMPLAINT**

representations when Defendant's advertised price discounts were false, artificial, illusory and unlawful.

73.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's unfair, unlawful, deceptive business practices and false advertising.

74.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

75.    Pursuant to Business & Professions Code § 17203, Plaintiff and the Proposed Class seek from Defendants, and each of them, restitution and the disgorgement of all earnings, profits, compensation, benefits and other ill-gotten gains obtained by defendants as a result of defendants' conduct in violation of Business & Professions Code § 17200 *et seq*.

76.    Pursuant to Business & Professions Code § 17204, Plaintiff and the Proposed Class seek an order of this Court enjoining Defendants, and each of them, from continuing to engage in the acts as set forth in this complaint, which acts constitute violations of Business & Professions Code § 17200 *et seq*.  Plaintiff, the Proposed Class and the general public will be irreparably harmed if such an order is not granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

1.    For an order certifying the Proposed Class under Rule 23 of the Federal Rules of Civil Procedure;

**CLASS ACTION COMPLAINT**

2.      For an order certifying Plaintiff as the representative of the Proposed Class and certifying Plaintiff's attorneys as Class Counsel;

3.      For an order declaring the Defendant's conduct violates the statutes and laws identified herein;

4.      For an order of judgment in favor of Plaintiff and the Proposed Class on all causes of action alleged herein;

5.      For an award of compensatory and punitive damages in amounts to be determined;

6.      For prejudgment interest;

7.      For an order of restitution and all other forms of equitable monetary relief;

8.      For an order of injunctive relief to remedy the past, present and threatened future harm of Defendant's conduct as set forth herein;

9.      For an order disgorging the ill-gotten gains obtained by the Defendant in connection with the conduct alleged herein;

10.     For an order awarding Plaintiff and the Proposed Class reasonable attorneys' fees and costs of suit; and

11.     For all other relief this Court deems just and proper.

/ / /

/ / /

/ / /

**CLASS ACTION COMPLAINT**

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: December 23, 2016                    **NATHAN & ASSOCIATES, APC**

                                            By:   /s/ Reuben D. Nathan
                                                  Reuben D. Nathan,
                                                  Attorney for Plaintiff,
                                                  KENNETH HARRISON and the Proposed
                                                  Class

Dated: December 23, 2016                    **LAW OFFICES OF ROSS CORNELL, APC**

                                            By:   /s/ Ross Cornell
                                                  Ross Cornell,
                                                  Attorney for Plaintiff,
                                                  KENNETH HARRISON and the Proposed
                                                  Class

**CLASS ACTION COMPLAINT**